**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4561**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

HAROLD WAYNE LAIL,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:17-cr-00140-LCB-1)

Submitted:  April 24, 2018        Decided:  June 8, 2018

Before DUNCAN, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Ira Knight, Assistant Federal Public Defenders, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Eric L. Iverson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harold Wayne Lail pled guilty, pursuant to a plea agreement, to receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1) (2012). District courts must impose a $5000 special assessment for any defendant convicted of, among other offenses, a crime involving sexual exploitation or other abuse of children, unless the court finds that the defendant is indigent. 18 U.S.C.A. § 3014(a) (West Supp. 2017). As part of Lail's sentence, the district court imposed a $5000 special assessment pursuant to § 3014. On appeal, Lail argues that the district court erred in imposing that special assessment. Specifically, he contends that the court failed to make sufficient findings of fact to support its conclusion that he was not indigent, and erred in presuming that the sale of Lail's home would be sufficient to cover his liabilities. We affirm.

We "review de novo the adequacy of factual findings to support a fine . . . and accept the district court's findings unless they are clearly erroneous." *United States v. Linney*, 134 F.3d 274, 281 (4th Cir. 1998). District courts must make specific findings of fact sufficient to facilitate appellate review of the court's conclusion that a defendant is not indigent. *Id.* A presentence report adopted by the district court may provide sufficient factual findings to allow effective appellate review of the assessment. *See United States v. Aramony*, 166 F.3d 655, 665 (4th Cir. 1999).

In determining whether a defendant is indigent, courts "consider, among other things, the income, financial resources, and earning capacity of the defendant, as well as the burden that the [financial penalty] will impose upon the defendant and his dependents." *Id.* (internal quotation marks omitted). *See also United States v. Kelley*,

2

861 F.3d 790, 801 (8th Cir. 2017) ("[W]e think that in the context of § 3014 indigence determinations, an analysis of both a defendant's current financial situation and his ability to pay in the future is appropriate in determining his 'non-indigent' status."). "The defendant bears the burden of demonstrating his present and prospective inability to pay." *Aramony*, 166 F.3d at 665.

Here, the district court adopted the PSR in its entirety, and the PSR contained a detailed discussion of Lail's financial situation, including his assets, income, liabilities, and expenses. This detailed analysis of Lail's finances and of his current and future ability to pay restitution and the mandatory assessment is sufficient to permit appellate review of the district court's decision to impose the $5000 special assessment. *Id.* at 665.

The district court did not clearly err in finding that Lail is not indigent for the purpose of 18 U.S.C.A. § 3014. The PSR noted that Lail intended to sell his residence, which Lail valued at approximately $100,000, an amount significantly lower than the assessed value. Even after adopting Lail's lower valuation of his home, the PSR calculated that Lail had a total net worth of $74,500 and concluded that, although Lail did not have sufficient financial resources to make an immediate monetary payment, he would be able to satisfy any monetary payments imposed by the court after he sold his residence. We discern no clear error in that analysis.

Therefore, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3